## Madison Coal Company v. Edward Hayes.

1. VERDICT—*when, not disturbed.* Where a verdict is based upon conflicting evidence and there is no suggestion of any kind to warrant the conclusion that the verdict is the result of prejudice, passion or mistake or that prejudicial error was committed by the court in the trial, it is conclusive and the judgment will be affirmed.

2. MINERS' ACT—*what are questions of fact in action for personal injuries based upon.* Whether a particular doorway is *principal* and whether a particular doorway is *permanent*, within the meaning of the statute, are questions of fact to be determined by the jury.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

KRAMER, KRAMER & SHAEFFER, for appellant; JOHN G. DRENNAN, of counsel.

M. W. SCHAEFFER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

With slight modification we adopt appellee's statement of the facts and appellant's statement of the pleading.

Appellant was operating a coal mine at Glen Carbon, Madison county, Illinois, known as mine number four. At and before the time of the injury to appellee there was in this mine a main entry leading from north to south to the bottom of the shaft. From the south entry there were two entries substantially at right angles running to the east parallel with one another and separated by a pillar of coal. From these main east entries stub-entries were driven to the south. About two years prior to November 25, 1902, stub-entry number ten had been turned off and a door was erected and maintained between said first and second east entries in the cross-cut which led to said tenth stub-entry. For about two years tracks had been laid through said doorway and coal was daily hauled from said tenth stub-entry through said cross-cut and said first main east entry to the bottom of the shaft. It appears that stub-entries would be driven southward about one thousand feet, and eight or ten rooms turned off from the side of such stub-entries, and that it would take about three or four years to mine out all the coal from a stub-entry, and that after all the coal would be taken out the mouth of said stub-entry would be permanently closed.

The first count in appellee's declaration alleges that he was employed at appellant's mines as a driver; that he was hauling coal from the tenth stub-entry through a doorway in said entry; that this was a principal doorway, and appellant wilfully failed and neglected to keep a trapper to open and close the same, and on this account he was injured. The second count alleges that appellee was employed at appellant's mine as a driver, and hauling coal from the tenth stub-entry on the south, on the east main entry on the south through a doorway; that said doorway was a permanent one and used for the purpose of guiding and

directing the currents' of air; that appellant wilfully neglected and failed to construct said doorway so that it would close automatically, and on this account appellee was injured.

To this declaration appellant filed a plea of general issue. Trial was had by a jury at the September term, A. D. 1903, of said court, which resulted in a verdict in favor of appellee in the sum of fifteen hundred dollars. A motion for a new trial was overruled, as was also a motion in arrest of judgment, and judgment entered on the verdict, to reverse which the cause is brought to this court.

Appellant contends as to the first count of the declaration, that the doorway in question was not a principal doorway, but upon the other hand was a subordinate one and therefore appellant was not required to maintain a trapper at that doorway to open and close the same. As to the second count appellant contends, first, that the doorway in question was not a permanent one, but on the other hand was constructed temporarily to be used while appellee was using the tenth stub-entry, after which it was to be removed; second, that the door did close automatically; third, that the statute requiring all permanent doorways in coal mines used for guiding and directing the ventilating currents of air to close automatically, is for the purpose of securing proper ventilation in the mine, and only persons who are injured by not having proper ventilation can complain of a wilful violation of this statute, and the statute cannot be invoked by an employee who may be injured in such doorway while using the same. Such employee's remedy is by common law action.

Under the argument by appellant the only question to be considered is whether the evidence is sufficient to support the declaration. The action is predicated upon the wilful violation of section 19, chapter 93, of Revised Statutes, relating to mines and mining. Clause " e " provides that " all permanent doors in mines used in guiding and directing the ventilating currents shall be so hung and adjusted as to close automatically." By clause " f " it is

required that "at all principal doorways through which cars are hauled, an attendant shall be employed for the purpose of opening and closing said doors when cars are passing to and from the workings."

Under the first count, it was necessary to prove that the doorway where the plaintiff received the injury was a *principal* doorway within the meaning of the statute; under the second count that the door used there was a *permanent* door. The jury find by their verdict that it was a *permanent* door in a *principal* doorway. It is conceded in argument, and appears of record, that there was conflict of evidence upon these issues. Without suggestion of any kind to warrant a conclusion that the verdict is the result of prejudice, passion, or mistake, or that prejudicial error was committed by the court in the trial, the verdict is conclusive and the judgment must therefore be affirmed, unless appellant's third contention, as to the second count, may be maintained. In Himrod Coal Co. v. Stevens, 203 Ill. 115, the Supreme Court, in considering a like contention as to the purpose of clause "e," uses this language: "It is apparent that the existence of necessary doors creates a source of danger to those who are driving on cars. The provision is that there shall be an attendant in charge of each principal door, whose duty it shall be to open and close it, for the purpose of allowing trips of cars to pass through, and, presumably, to open it at proper times and with proper and suitable precautions for that purpose. * * * The presence of an attendant performing his duty as required by the statute would tend to secure the safety of the driver, and in view of the danger it seems to us fairly within the purpose of the act to provide against dangers resulting from the existence of the necessary obstructions in the form of doors." It is true that in the Stevens case the injury was caused by collision of loaded cars, as it was alleged, by reason of defendant's failure to provide an attendant at a door connecting two side entries. This, however, does not affect the force of the opinion in its application to this case. Whether the door in controversy was perma-

nent or temporary, principal or subordinate, under the law in this case, was a question of fact to be determined by the jury after hearing the testimony of witnesses held to be competent. That there was contrariety in definitions and reasons therefor, is not surprising under the circumstance, but it will profit nothing to discuss the testimony in that respect.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*